IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRENDA CHAMBERS BUTLER,<br>    Plaintiff,<br>      v.<br><br>NEW JERSEY TURNPIKE<br>AUTHORITY, JOHN DOE AND<br>RICHARD ROE,<br>    Defendants. | CIVIL NO. 08-2082(NLH)(AMD)<br><br>OPINION |

**APPEARANCES:**

John Francis Pilles, Jr., Esquire[1]
223 High Street
Second Floor Office
Mount Holly, NJ 08060
    On behalf of plaintiff

Thomas C. Bigosinski, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962-2075
    On behalf of defendant

**HILLMAN**, District Judge

This matter has come before the Court on defendant's motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 41(b) due to her failure to prosecute her case. For the reasons expressed below, defendant's motion will be granted.

BACKGROUND

Plaintiff, Brenda Chambers Butler, was employed by defendant New Jersey Turnpike Authority for almost six years as a janitor,

---

[1] Mr. Pilles served as plaintiff's counsel as of the filing of the complaint and the instant motion to dismiss by defendants. As discussed below, the Court has since granted his request to be relieved as counsel.

until she was fired in March 29, 2006.  On March 25, 2008, plaintiff filed a five-count complaint in New Jersey State Court claiming that her termination was a violation of the Family Medical Leave Act, New Jersey Law Against Discrimination, and the American with Disabilities Act.  Defendant removed plaintiff's case to this Court on April 28, 2008.[2]  Soon thereafter, defendant commenced its discovery practice, sending plaintiff an authorization for the release of her medical records, initial interrogatories, initial requests for production of documents, three additional authorization forms, and a stipulation regarding confidentiality.  As of November 2008, defendant had not received any responses from plaintiff.  The end date for factual discovery was December 10, 2008.

In November 2008, plaintiff's counsel wrote a letter to Magistrate Judge Ann Marie Donio informing her that plaintiff was not cooperating with him, and this uncooperativeness was causing his inability to respond to defendant's discovery requests.  He also requested that the discovery period be extended.  On January 6, 2009, Judge Donio granted his request and extended discovery until April 30, 2009.

On January 6, 2009 and January 22, 2009, in-person settlement conferences were conducted with Judge Donio.  Plaintiff failed to

---

[2]This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

2

appear.  On February 19, 2009, defendant filed the instant motion to dismiss for plaintiff's failure to prosecute her case.

On March 30, 2009, plaintiff's counsel filed a motion to be relieved as her attorney, as well as a response to defendant's motion to dismiss.  In both certifications, plaintiff's counsel stated that plaintiff was continuing to be unresponsive and uncooperative with him.  Judge Donio held a hearing on plaintiff's counsel's motion to withdraw on April 30, 2009.  Plaintiff had been ordered to appear, but she failed to do so.  After reserving decision on the motion at the hearing, Judge Donio issued an Opinion on May 7, 2009 granting plaintiff's counsel's request to withdraw because plaintiff failed "'substantially to fulfill [her] obligation' to cooperate in assisting in the prosecution of the claims against Defendant."  (Docket No. 19 at 6.)  Judge Donio noted that plaintiff had "purportedly [] failed to return telephone messages left on her answering machine; failed to respond to correspondence sent to her last known address and post office box; failed to provide information requested by counsel that is allegedly 'necessary for trial preparation and interrogatory answers'; failed to attend scheduled conferences with counsel; and refused to meet with another attorney to obtain a second opinion with respect to counsel's advice as to the terms of a settlement of

3

this action."[3]  (Id. at 2.)   Judge Donio ordered that plaintiff was to enter her appearance, pro se, on her own behalf within 20 days from the date of her Order.[4]  (Id. at 7.)  To date, plaintiff has not entered her appearance pro se.

## DISCUSSION

Under Rule 41(b) of the Federal Rules of Civil Procedure[5], as well as under the inherent power of the court, a case may be dismissed with prejudice for want of prosecution.  Lee v. Krieg, 227 Fed. Appx. 146, 147 (3d Cir. 2007) (citing Marshall v. Sielaff, 492 F.2d 917, 918 (3d Cir. 1974)).  "The authority to dismiss for lack of prosecution, both on defendants' motion and *sua sponte*, is an inherent 'control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  Marshall, 492 F.2d at 918 (citing Link v.

---

[3] Judge Donio also noted that plaintiff had failed to make payment for legal services rendered, but did not permit the withdrawal of counsel on that basis.  (Docket No. 19 at 4.)

[4] Judge Donio also ordered plaintiff's counsel to serve the Order onto plaintiff via first class mail and certified mail, return receipt requested, within seven days, and file proof of service on the docket.  (Id.)  It does not appear that plaintiff's counsel, now relieved of representation, has done so.

[5] Federal Civil Procedure Rule 41(b) provides,

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.

Wabash Railroad Co., 370 U.S. 626, 630-631 (1962)).

When deciding whether to dismiss an action for failure to prosecute, the Third Circuit has established a list of factors for a court to consider:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Casualty, 747 F.2d 862, 868-69 (3d Cir. 1984). These guidelines, however, "[do] not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

With regard to other sanctions for a party's lack of participation in the litigation process, the Federal Rules authorize a district court to sanction a party that fails to comply with a court order. See Fed. R. Civ. P. 16(f) and 37(b)(2). District courts have the inherent authority to control the conduct of those who appear before it. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The ultimate sanction, however, is the dismissal of the plaintiff's case. Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988) ("A district court has the authority to provide for the ultimate sanction of dismissal for noncompliance with local

5

court rules.").

Here, plaintiff's conduct demonstrates that she is not interested in pursuing her case. The certifications of her counsel which detail her unresponsiveness with him, as well as her lack of court-ordered participation, evidences that, for whatever reason[6], she is unable or unwilling to undertake the obligations that a lawsuit entails. Since the filing of her complaint over a year ago, she has not even supplied the most basic discovery that is required to get the litigation ball rolling. Now that her counsel has been relieved of representation, plaintiff has not demonstrated her willingness to proceed on her own behalf or obtain new counsel. The Court cannot force plaintiff to prosecute her case, and defendant and the Court cannot sit idle waiting until she is ready, if ever. Consequently, the Court has no alternative than to dismiss plaintiff's case.

An appropriate Order will be entered.


Date: June 18, 2009                          s/ Noel L. Hillman

At Camden, New Jersey                        NOEL L. HILLMAN, U.S.D.J.

---

[6] It appears from plaintiff's counsel's certification in response to defendant's motion to dismiss that plaintiff related to him via voice mail message that she has been out of town attending to the medical needs of her mother, that a neighbor's wire-tapped phone may be interfering with her phone calls, her mail may have been tampered with by another neighbor, and that she otherwise has been "avalanched with adverse family issues." (Pilles Cert., Docket No. 13.)